# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

|   |   |   |
|---|---|---|
| In re: | ) ) ) | |
| **Kurtis E. Hansbury**, | ) ) ) | **Chapter 7** |
| Debtor. | ) ) | **Case No. 13-20583** |

## OPINION ON APPLICATION FOR FIRST AND FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERKINS THOMPSON, P.A., AND PRETI FLAHERTY, LLP, AS COUNSEL FOR CHAPTER 7 TRUSTEE

This matter came before me on the March 9, 2015 application of Anthony J. Manhart, Esq. (the "Trustee") for allowance of compensation and reimbursement of expenses for the law firms of Perkins Thompson, P.A. and Preti Flaherty, LLP as his counsel. Docket Entry ("DE") 103. I reviewed the application *sua sponte*, and I hereby grant it in a reduced amount for the reasons set forth below.

### I. JURISDICTION AND VENUE.

This court has jurisdiction of this case pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a). D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2).

### II. BURDEN OF PROOF.

The Trustee carries the burden of proof on all issues in connection with this fee and expense application. *See* Russell, Bankruptcy Evidence Manual, 2014 Ed., § 301.41.

1

**III. FACTS.**

Kurtis Hansbury filed for bankruptcy relief under chapter 7 of the Bankruptcy Code[1] in June of 2013 and Mr. Manhart was appointed as the Trustee. Five months later, he filed an application to employ himself and the law firm of Perkins Thompson, P.A. as counsel for the Trustee (the "Perkins Application"). DE 31. In the application, the Trustee stated that he required the immediate legal assistance of Perkins, a firm that was "well qualified to render . . . services because certain shareholders/directors and associates of Perkins Thompson, P. A. have practiced extensively in bankruptcy, corporate reorganization, and debtor/creditor matters, and are well qualified to represent the Trustee."[2] Exhibit A to the application reflected that Mr. Manhart would charge the estate $170 per hour for his legal services.

In April of the following year, the Trustee filed a second application to employ counsel, this time seeking to hire himself and the law firm of Preti Flaherty (the "Preti Application"). DE 48. The Preti Application and the supporting declaration of Mr. Manhart were almost identical to the Perkins Application and declaration. As with the earlier application, Mr. Manhart noted that he required the immediate legal assistance of Preti, a firm that was "well qualified to

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

[2] Along with the Perkins Thompson Application, he also submitted a declaration under penalty of perjury stating:

> 3. [Perkins Thompson] its shareholders/directors, associates, and paraprofessionals are experienced in matters of bankruptcy, insolvency, corporate reorganization, and debtor/creditor law, and in the representation of debtors, creditors, creditors' committees, and trustees in cases, proceedings, and matters under the United States Bankruptcy Code (the "Code"), and are well qualified to represent the Trustee in this case.
>
> * * * *
>
> 9. The Firm desires to be employed as counsel to the Trustee to assist, advise, and represent the Trustee, with reasonable fees to be determined and approved by this Court.

2

render… services because certain partners/directors and associates of… [Preti] have practiced extensively in bankruptcy, corporate reorganization, and debtor/creditor matters, and are well qualified to represent the Trustee." One difference, however, was that Mr. Manhart's $300 initial hourly rate at Preti was $130 higher than his initial $170 hourly rate at Perkins.

Eventually, the Trustee filed the present fee application seeking $17,095.50 for fees ($1,826.00 while working with Perkins and $15,269.50 while at Preti) and $370.60 for expenses. DE 103. He explained that two different firms acted as his counsel because he left Perkins on March 31, 2014 and became a partner at Preti the next day.

**IV. DISCUSSION.**

According to § 330, counsel representing a trustee should be awarded reasonable compensation for actual and necessary services rendered and reimbursed for actual and necessary expenses. § 330(a)(1)(A and B); *Cf. In re Sullivan*, 674 F.3d 65, 68 (1st Cir. 2012) (analysis of fee awards to chapter 13 counsel). To determine the amount of reasonable compensation, I must consider "all relevant factors", including the time spent, hourly rates, whether the services were necessary or beneficial when provided, case complexity, and whether the compensation is in keeping with fees charged by "comparably skilled practitioners". § 330(a)(3).

Based on the explanation provided in the fee application, I find few faults with the time spent by Perkins or Preti representing the Trustee.[3] Nor do I have an issue with the Trustee hiring himself or his firm as counsel in this particular case, though some courts require exceptional and special circumstances for self-employment. *See In re Marsh*, 2013 WL

---

[3] I did notice one minor distinction between the time entered by one attorney for a meeting and the amount of time entered by another for the same meeting. On May 14, 2014, Mr. Ploss and Mr. Manhart met to discuss Mr. Hansbury's amended tax returns. Mr. Manhart billed his time as .5 for that meeting while Mr. Ploss charged .4 of an hour. (DE 103-2, p. 2). I cannot tell who is correct and will reduce Mr. Manhart's time entry to .4 to address the incongruity which was apparently inadvertent.

4501424, at *5 (Bankr. D. Mont. Aug. 21, 2013); *In re SONICblue Inc.*, 2007 WL 3342662, at *5 (N.D. Cal. Nov. 9, 2007); *In re Butler Indus., Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989) *aff'd*, 114 B.R. 695 (C.D. Cal. 1990). Further, the fee application does not impermissibly seek compensation for time spent on chapter 7 trustee duties. § 328(b).

What makes me pause is the discrepancy between the Perkins rates and the Preti rates, especially as applies to those charged by Mr. Manhart at each firm. *See* § 330(a)(3)(F). No satisfactory explanation has been given to indicate any change of circumstances in this case that would require the Trustee to hire more expensive counsel, other than his own change of firm.[4] There is no evidence that the Preti lawyers were more capable than those at Perkins or that the Preti firm offered some other advantage necessary for the Trustee to obtain the result he achieved. While I am cognizant of the economics of moving from one firm to another, those considerations must yield to the trustee's obligations under the Code. *See, e.g.,* § 323(a). The Trustee initially engaged experienced and capable counsel at Perkins who could perform the required work at hourly rates ranging from $170 to $280. After he moved to Preti, the Trustee engaged experienced and capable counsel who could perform the very same work but at significantly higher rates. Based upon the circumstances in this case, and on the explanations provided in the fee application and at hearing, I find that the increased rates charged by Preti were not "reasonable" within the meaning of § 330.

For these reasons, I will grant the Fee Application in the amount of $12,251.00 for fees ($1,826.00 to be paid to Perkins and $10,425.00 to be paid to Preti) and $370.60 for expenses

---

[4] The only explanation he provided was at the hearing on April 15, 2015 during which he said that the switch to Preti caused his rate to increase because of the increased overhead at the larger firm.

($4.10 to Perkins and $366.50 to Preti), based on the hourly rates billed by the Trustee's initial counsel.[5]

    A separate order shall enter.

Dated: May 20, 2015                                        /s/ Peter G. Cary
                                                                        Hon. Peter G. Cary
                                                                        United States Bankruptcy Judge

---

[5] The fee application sought $12,457.50 for Mr. Manhart's services as an attorney while at Preti, and $12,457.50 - $8,280 (41.4 hours x $200/hour) = $4,117.50. Though the fee application reflects that Mr. Manhart spent 41.5 hours of professional time on this matter, I reduced it by .1. *See supra* note 3.

The fee application sought $2,534.50 for Mr. Shubb, an associate at Preti, at hourly rates of $185 and $225. Reducing his rate to $170 per hour (the rate that Mr. Manhart charged his time while an associate at Perkins) reduces Mr. Shubb's fees to $1,921 (11.3 hours x $170/hour) and $2,534,50 - $1,921 = $613.50. Mr. McVeigh and Mr. Ploss's reductions are $13.50 and $40 respectively.